UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK LABADIE,

    Plaintiff,

v.

DANCY, HODGES, and DR. ANGELA JOSEPH,

    Defendants.
_____/

Case No. 2:23-cv-11960
District Judge Susan K. DeClercq
Magistrate Judge Kimberly G. Altman

## ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO TAKE PLAINTIFF'S DEPOSITION (ECF No. 35)

I.     Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Kirk Labadie (Labadie), proceeding *pro se*, has sued corrections officers Dancy and Hodges and Dr. Angela Joseph for allowing him to be attacked by an inmate and a delay in medical treatment after the attack. (ECF No. 1). The incidents allegedly occurred while Labadie was housed at the Macomb Regional Correctional Facility (MRF), and he has since been transferred to the Saginaw Correctional Facility in Freeland, Michigan. (*Id.*). On June 17, 2024, the case was referred to the undersigned for all pretrial proceedings. (ECF No. 23). Under the current scheduling order, discovery closes on December 16, 2024, and dispositive motions

are due by January 16, 2025. (ECF No. 34). Before the Court is Dancy and Hodges' motion for leave to take Labadie's deposition. For the reasons that follow, the motion will be granted.

## II. Discussion

Federal Rule of Civil Procedure 30 provides broad access to persons for depositions. Rule 30(a)(2)(B), however, requires a party to obtain leave of court where, as here, "the deponent is confined in prison." In determining whether it is appropriate to grant leave to conduct such a deposition, Rule 30(a)(2) provides that "the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)[.]"

According to Rule 26(b)(1), the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Thus, the "language of Rule 30(a)(2) *requires* the Court to authorize a deposition unless the deponent is seeking privileged, irrelevant, or unnecessarily costly information." *McGinnis v. Huq*, No. 16-cv-13461, 2017 WL 1044989, at *1 (E.D. Mich. Mar. 20, 2017) (emphasis in original).

Considering these factors, the Court concludes that defendants' request to depose Labadie is consistent with the applicable Federal Rules of Civil Procedure and otherwise appropriate.

### III. Conclusion

For the reasons stated above, Dancy and Hodges' motion to take Labadie's deposition, (ECF No. 35), is GRANTED. While it appears that Labadie is currently confined at the Saginaw Correctional Facility, defendants may depose him at whichever MDOC facility he is confined to on the date of the deposition. Defendants may conduct Labadie's deposition either in person or via Zoom or another similar platform.

SO ORDERED.

Dated: August 15, 2024  
Detroit, Michigan

s/Kimberly G. Altman  
KIMBERLY G. ALTMAN  
United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 15, 2024.

s/Carolyn M. Ciesla  
CAROLYN M. CIESLA  
Case Manager